David A. Randall (SBN 156722)
dave@hdmnlaw.com
Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
Paul G Novak (SBN 261388)
paul@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff and Counterclaim-Defendant,
INFINILUX CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| INFINILUX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NICOR, INC.<br><br>Defendant. | Case No.: 2:21-CV-5300-JAK-PD<br><br>**INFINILUX CORPORATION'S ANSWER AND AFFMIRMATIVE DEFENSES TO NICOR, INC.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: July 1, 2021 |

Plaintiff and Counterclaim-Defendant Infinilux Corporation ("Infinilux" or "Plaintiff"), by and through undersigned counsel, hereby submits this answer and affirmative defenses to the counterclaims of Defendant and Counterclaimant NICOR, Inc. ("NICOR" or "Defendant") in the above-caption action. Any allegation in the counterclaims ("Counterclaims") not specifically admitted below is denied.

## ANSWER TO THE COUNTERCLAIMS

## NATURE OF THE ACTION

1. Infinilux admits that the NICOR Counterclaims purport to state an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., but affirmatively denies that there is any merit to Defendant's Counterclaims. Infinilux further admits that NICOR asserts that Infinilux has infringed U.S. Patent No. 10,824,427 ("the '427 Patent") directly and indirectly, but affirmatively denies there is any merit to NICOR's assertion. Infinilux also affirmatively asserts that Infinilux does not infringe the '427 Patent, directly or indirectly, and that the '427 Patent is invalid. Except as admitted, Infinilux denies the allegations in paragraph 1 of the Counterclaims.

## THE PARTIES

2. Infinilux is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Counterclaims and therefore denies them.

3. Admitted.

**JURISDICTION AND VENUE**

4. Infinilux admits that the NICOR Counterclaims purport to state an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but affirmatively denies there is any merit to NICOR's action. Infinilux admits that the Court has supplemental jurisdiction over NICOR's state law claims, but affirmatively denies that there is any merit to Defendant's state law claims. Except as admitted, Infinilux denies the allegation in paragraph 4 of the Counterclaims.

5. Infinilux admits that this court has general personal jurisdiction over it. Infinilux further admits that it is a California corporation with its principal place of business within this District, has a registered agent in this District, and has purposefully availed itself of conducting business within this District. Except as admitted, Infinilux denies the allegations in paragraph 5 of the Counterclaims.

6. Infinilux admits that venue is proper in this District under 28 U.S.C. § 1400(b) because Infinilux filed the present action here and resides in this District. Except as admitted, Infinilux denies the allegations in paragraph 6 of the Counterclaims.

**FACTUAL ALLEGATIONS**

7. Infinilux admits that on November 3, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,824,427 ("the '427 Patent") and that the '427 Patent is entitled a "Method and System for Power Supply Control." Infinilux further admits that the '427 Patent claims priority to Provisional

Application No. 62/576,877, filed on October 25, 2017, Provisional Application No. 62/668,642, filed on May 8, 2018, and Provisional Application No. 62/764,678, filed on August 15, 2018, but affirmatively denies that any of the claims of the '427 Patent are entitled to the benefit of the filing date of these provisional applications. Infinilux further admits that what appears to be a copy of the '427 Patent is attached to NICOR's Answer and Counterclaims as Exhibit 1 and that Plaintiff purports to incorporate the '427 Patent into the Counterclaims. Except as admitted, Infinilux denies the allegations in paragraph 7 of the Counterclaims.

8. Infinilux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaims and therefore denies them.

9. Infinilux affirmatively denies that NICOR ever provided patented Lighting Control Units ("LCUs") to Facebook's data center NAO1 and NAO2, because, at a minimum, on information and belief, the construction of Facebook's datacenters NAO1 and NAO2 were completed before the '427 Patent issued as a patent. Infinilux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Counterclaims and therefore denies them.

10. Infinilux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10 of the Counterclaims and therefore denies them. In the second sentence of paragraph 10 of the Counterclaims, Infinilux denies that NICOR did not supply products for the NAO3 datacenter, and Infinilux admits that its Remote Driver Control Center

("RDCC") marketed under the Solidian® brand was installed in NAO3. Infinilux denies each and every remaining allegation of paragraph 10 of the Counterclaims. Infinilux further affirmatively alleges that datacenter NAO4 has not been built. Infinilux also affirmatively alleges that the Solidian® RDCC units installed into the NAO3 datacenter do not infringe the '427 Patent, including because they do not satisfy each and every limitation of the claims of the '427 Patent and because the Solidian® RDCC units installed into the NAO3 datacenter were installed prior to the '427 Patent issued.

11. Infinilux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaims and therefore denies them.

12. Infinilux admits that in the third quarter of 2020, Facebook authorized Turner Construction Company ("Turner Construction") to award the lighting contract for the NAO5 and NAO6 datacenters to Turner Logistics, LLC, which later changed its name to SourceBlue, LLC ("SourceBlue"). On information and belief, Infinilux further admits that SourceBlue was and is a subsidiary of Turner Construction. Except as admitted, Infinilux denies each and every allegation of paragraph 11 of the Counterclaims. Further, Infinilux affirmatively alleges on information and belief that Facebook never "chose NICOR's lighting system for NAO5/6," nor did Facebook or Turner Construction award a lighting contract to NICOR for either the NAO5 or NAO6 datacenter.

13. Infinilux admits that SourceBlue acquired the Accused Product from Infinilux and that Infinilux is contracted with SouceBlue to provide all of the

equipment that makes up the Solidian® lighting system to SourceBlue and thus Infinilux stands to gain from every contract SourceBlue obtains for the Solidian® lighting system. Except as admitted, Infinilux denies each and every allegation of paragraph 13 of the Counterclaims.

14. Denied.

15. Denied. Infinilux further affirmatively alleges on information and belief that NICOR was never awarded the lighting contract for the Facebook datacenters NAO5 and NAO6. Infinilux also affirmatively alleges that the Solidian® RDCC units it has sold to SourceBlue and intends to sell to SourceBlue in the future do not infringe the '427 Patent and that the '427 Patent had not issued at the time SourceBlue submitted a bid for the NAO5 and NAO6 datacenters.

16. Denied. Infinilux further affirmatively alleges on information and belief that NICOR was never awarded the lighting contracts for Facebook datacenters NAO3, NAO4, NAO5 or NAO6. Infinilux further affirmatively alleges that the Solidian® RDCC units it has sold to SourceBlue and intends to sell to SourceBlue in the future do not infringe the '427 Patent and that the '427 Patent had not issued at the time SourceBlue submitted its bids for the NAO3 and NAO4 datacenters and the NAO5 and NAO6 datacenters.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Infinilux admits that on November 12, 2020, NICOR sent a letter to Turner Logistics, LLC, which subsequently changed its name to SourceBlue, regarding a confidential early design of the Solidian® RDCC that Infinilux and SourceBlue considered, but never implemented ("Preliminary RDCC Product Design"). Infinilux further admits that in that letter NICOR asserted that the Preliminary RDCC Product Design infringed the '427 Patent, but Infinilux affirmatively denies that the Preliminary RDCC Product Design or any Solidian® RDCC product that has been made, used, sold, offered for sale, or imported into the U.S. is covered by any claim of the '427 Patent. Infinilux further affirmatively denies that there is any merit to the factual and legal analysis reflected in the November 12, 2020, letter. Infinilux further admits that a redacted version of the November 12, 2020, letter was attached as Exhibit B to Infinilux's Complaint and that true and correct copy of the letter was filed under seal at Dkt. 10-2. Except as admitted, Infinilux denies the allegations in paragraph 21 of the Counterclaims.

22. Infinilux admits that in SourceBlue's subsequent correspondence, including SourceBlue's April 30, 2021 letter, SouceBlue informed NICOR that the Solidian® RDCC Installation Instructions on which NICOR based its infringement allegations:

> "was never publicly distributed, remained in draft form, and by its nature was never intended to describe the structure and function of an RDCC Product with technical and legal precision. It was merely draft installation instructions. Further,

the Document was superseded and never corresponded to any commercial Solidian® product." Infinilux further admits that SourceBlue refused to provide NICOR's outside attorneys with documents reflecting the actual design of the Solidian® RDCC or a sample of the Solidian RDCC because NICIOR's outside attorneys had (i) failed to properly show how the Preliminary RDCC Product Design infringed the '427 Patent under a proper claim construction, and (ii) refused to respond to SourceBlue's explanations as to why the Preliminary RDCC Product Design did not infringe.  In addition, NICOR's outside counsel was prosecuting patent applications related to the '427 Patent and, on information and belief, had already employed non-public, proprietary information of SourceBlue and Infinilux during the prosecution of the '427 Patent. Except as admitted, Infinilux denies the allegations in paragraph 22 of the Counterclaims.

23. Admitted.

24. Infinilux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Counterclaims and therefore denies them.

25. Denied.

26. Denied.

27. Denied.

# COUNT I

## (Infringement of the '427 Patent)

28. Infinilux incorporates by reference its answers to the averments of paragraphs 1 through 27 as if fully set forth herein.

29. Infinilux admits that it had knowledge of the '427 Patent as of May 14, 2021. Except as admitted, Infinilux denies the allegations in paragraph 29 of the Counterclaims.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Infinilux admits that NICOR has not licensed Infinilux to practice the '427 Patent. Infinilux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint and therefore denies them.

35. Denied.

36. Denied.

37. Denied.

# COUNT II

## (Intentional Interference with Prospective Economic Advantage)

38. Infinilux incorporates by reference its answers to the averments of paragraphs 1 through 37 as if fully set forth herein.

39. Denied.

1. 40. Denied.
2. 41. Denied.
3. 42. Denied.
4. 43. Denied.
5. 44. Denied.
6. 45. Denied.
7. 46. Denied.
8. 47. Denied.
9. 48. Denied.
10. 49. Denied.

## COUNT III

### (Unfair Competition)

50. Infinilux incorporates by reference its answers to the averments of paragraphs 1 through 49 as if fully set forth herein.

51. Denied.
52. Denied.
53. Denied.
54. Denied.

## COUNTERCLAIMANT'S PRAYER FOR RELIEF

Infinilux states that Counterclaimant's prayer for relief does not require a response. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Infinilux denies that Counterclaimant is entitled to any relief whatsoever as prayed or otherwise.

1 Infinilux submits that the headings in the Counterclaims are not substantive pleadings to which any response is required, but to the extent any response is required, they are denied. Infinilux further hereby denies the allegations in the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

Without admitting that Defendant NICOR is entitled to any relief whatsoever, Infinilux asserts the following affirmative defenses to NICOR's Counterclaims. Unless stated otherwise, the following affirmative defenses apply to Counts I-III of NICOR's Counterclaims. Infinilux incorporates by reference its responses to NICOR's allegations NICOR's Counterclaims as set forth in Paragraphs 1 through 54 above as if fully set forth to each of the affirmative defenses below.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity of the '427 Patent)

One or more of the asserted claims of the '427 Patent are invalid and/or unenforceable for failure to satisfy the requirements for patentability and/or otherwise comply with one or more provisions set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, 112, 115 and/or 116, and the rules, regulations and laws pertaining thereto. Upon information and belief, one or more of the claims of the '427 Patent are invalid as not novel under 35 U.S.C. § 102, because a single prior art reference that was not before the Examiner during prosecution of the '427 patent discloses each and every limitation of a claim of the '427 Patent. Further, upon information and belief, one or more of the claims of the '427 Patent are obvious under 35 U.S.C. § 103 because the subject matter

claimed in those claims would have been obvious to a person of ordinary skill of the art in view of prior art that was not before the examiner during the prosecution of the '427 Patent.  As another example, upon information and belief, the claims of the '427 Patent are invalid under 35 U.S.C. § 102(a)(1) because the claimed subject matter of the '427 Patent was in public use and/or on sale before the effective filing date of the '427 Patent due to activities of actors other than NICOR.  As another example, upon information and belief, the claims of the '427 Patent are invalid under 35 U.S.C. § 102(a)(1) because the claimed subject matter of the '427 Patent was in public use and/or on sale more than one year before the effective filing date of the '427 Patent due to sales activities of NICOR and others. As a further example, upon information and belief, the claims of the '427 Patent are invalid for being indefinite and failing to comply with 35 U.S.C. §112(b) because a person of ordinary skill in the art cannot determine the proper scope of the claims of the '427 Patent.  Upon information and belief, the '427 Patent is also invalid, inter alia, for failing to satisfy the written description requirement under 35 U.S.C. §112(a) because the specification of the '427 patent does not provide an adequate written description of the claims of the '427 Patent such that a person of ordinary skill in the art would understand that the inventors had the subject matter of the claims in mind at the time the '427 Patent was filed.  Upon information and belief, the '427 Patent is unenforceable under 35 U.S.C. §§ 115, 116 because the application fails to properly name the correct inventor or inventors and thus fails to include a properly executed oath of each inventor as required by 35 U.S.C. § 115 and improperly names or fails to name one or more inventors under 35 U.S.C. § 116.  Additional

factual basis of the allegations in this paragraph is further described in Infinilux's Complaint, which are incorporated by reference.

### SECOND AFFIRMATIVE DEFENSE
### (Patent Marking and Notice)

Upon information and belief, NICOR's claim of patent infringement is limited, in whole or in part, by its failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

If (a) the '427 Patent is valid and enforceable, and (b) Defendant has infringed one or more claims of the '427 Patent, then NICOR's damages, if any, are limited to those calculated from the filing of NICOR's Counterclaims, because, based upon information and belief, NICOR failed to properly mark its relevant products as required by 35 U.S.C. § 287, or to otherwise give adequate and/or proper notice to Infinilux of infringement of the '427 Patent until after the filing of its counterclaim in this lawsuit.

### THIRD AFFIRMATIVE DEFENSE
### (Patent Misuse)

NICOR's claims are barred, in whole or in part, by the doctrine of patent misuse. NICOR's patent claims are barred for patent misuse because NICOR has abused and is continuing to abuse the exclusive right granted to NICOR with the grant of the '427 Patent by knowingly attempting to enforce the '427 Patent by taking an objectively unreasonable interpretation of the scope of the '427 Patent in an intentional attempt to improperly extend the scope of the '427 Patent well beyond its legitimate scope. NICOR is also knowingly attempting to enforce an invalid patent that NICOR knows it obtained by improper means, including by using

Infinilux's confidential information during prosecution of the patent to target Infinilux's product and misrepresenting to the Examiner during prosecution that the claims applicant sought were supported by written description of the specification when they were not. NICOR's acts are all done in an improper attempt to suppress legitimate competition in the lighting controller market and constitute patent misuse.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

NICOR's counterclaims are barred, in whole or in part, by the doctrine of unclean hands. NICOR has unclean hands with respect to its counterclaims because NICROR used the confidential information of Infinilux during the prosecution of the '427 Patent to draft claims targeting Infinilux's product. Moreover, NICOR intentionally communicated false and misleading statements relating to the validity and infringement of the '427 Patent to Facebook and others in order to prevent the addition of the Solidian®/Infinilux lighting system to Facebook's datacenter master specification.

### PRAYER FOR RELIEF

WHEREFORE, Infinilux prays that the Court grant judgment to Infinilux and award such damages, costs, attorneys' fees and other relief requested in Infinilux's Complaint, and such further relief as the Court may deem just and proper.

**REQUEST FOR JURY TRIAL** !

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant demands a trial by jury of all issues and claims which are so triable.

DATED: September 28, 2021

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By: /s/ David A. Randall
David A. Randall (CA SBN 156722)
Ehab M. Samuel (CA SBN 228296)

*Attorneys for Plaintiff and Counter-Defendant*
INFINILUX CORPORATION